## STATE *v.* MOSS.

(*Nashville.* February 2, 1901.)

REASONABLE DOUBT. *Erroneous definition of.*

It is fatal error in a felony case for the Court to define reasonable doubt in his charge as an inability, after full investigation and consideration of the evidence, "to let the mind rest easily upon the certainty of guilt or innocence." The clause "or innocence" should be omitted.

---

FROM DEKALB.

---

Appeal in error from Circuit Court of DeKalb County. M. D. SMALLMAN, J.

Attorney-General PICKLE, CLARENCE GARRETT, and DRAKE BROS., for State.

H. C. SNODGRASS and WADE & WILLIAMS for Moss.

WILKES, J. Defendant is convicted of murder in the second degree, and sentenced to ten years in the State penitentiary, and has appealed.

It is said on behalf of the State that there is no legal bill of exceptions in the case. This is true as to the record, as originally presented, inasmuch as the bill of exceptions did not appear

State *v.* Moss.

to have been signed by the trial Judge, nor to have been filed within the thirty days allowed by order of the Court.

Upon a suggestion of diminution of the record these defects have been supplied and remedied, and the transcript has been perfected.

Several errors are assigned, one that the verdict is not supported by the evidence, and again that there are errors in the charge of the Court.

The Court, in defining reasonable doubt, said: "By reasonable doubt is not meant that which of possibility may arise, but it is doubt engendered by the investigation of the whole proof, and an inability, after such investigation, to let the mind rest easily upon the certainty of guilt or innocence."

This is error, no doubt inadvertently and unwittingly committed by the learned trial Judge, in requiring that the mind shall rest easily upon the certainty of innocence before the defendant can be acquitted. The law presumes that the defendant is innocent until his guilt is proven beyond a reasonable doubt. But no defendant is required by the evidence to show such facts as will cause the jury to believe him innocent, and to rest easily upon the certainty of such innocence.

This is such error as must cause the reversal of the judgment of the Court below, and the cause is remanded for a new trial.

The State will pay costs of appeal.